*1222 CARNES, Circuit Judge,
concurring:
I join all of the Court’s opinion and write separately to respond to the dissenting position, which is spelled out in Chief Judge Edmondson’s and Judge Black’s opinions.
Because the foundation of the dissenting position is laid upon reliance and fairness interests, it must stand or fall "with the presumption that everyone, including Mr. Glazner, knows the law. That is a great and hoary presumption underlying much of our law. The problem is not with the presumption but with the dissenters’ unwillingness to embrace it fully, instead of giving it only a little squeeze. They would have us presume that at the time Mr. Glazner decided to electronically invade his wife’s privacy, he knew the law insofar as it includes our Simpson decision but he did not know the more fundamental law that any of our decisions, including Simpson, are subject to being overruled at any time by the Supreme Court or by this Court sitting en banc.
The dissenters would have us presume that the mythical lawyer Mr. Glazner did not actually visit for advice, but could have, would have advised him to wiretap without worry. That advice apparently would have been based on the belief that although Simpson was a badly reasoned decision rejected by virtually every other circuit to consider it, nonetheless Simpson was unshakable law in this circuit that could never be changed; and even if it were changed some day, the new rule could never be applied retroactively to Mr. Glazner’s intended misconduct even though the law strongly favors making new rules of decisional law retroactively applicable.
In other words, the dissenters would have us presume that if Mr. Glazner, or other would-be wiretapping spouses, had sought out legal advice they would have received bad advice. The fundamental flaw in their reasoning becomes even more apparent when one considers that to make it work we must also presume the mythical lawyer would not have advised Mr. Glaz-ner that the activity he wanted a green light to pursue is a crime in Alabama. See ALA. CODE §§ 13A-11-31; 13A-11-33 (1994). Or perhaps we should indulge the equally untenable presumption that Mr. Glazner would have been more concerned about civil liability than criminal prosecution.[1]
Whatever one may think of the quality of the Bar in Alabama, if we are going to indulge presumptions about everyone knowing the law and getting legal advice, we should presume accurate knowledge of the law and competent legal advice. If Mr. Glazner is presumed to have known the law — and the dissenting position teeters atop that presumption — he must be *1223 presumed to have known that the Simpson decision was not immutable, and that not only could it be changed but also that the change could be applied retroactively. And he must be presumed to have known that the conduct he was engaging in is a crime in Alabama; no change in the law is needed for that. With accurate and complete understanding of the law presumed, as it must be, any rebanee interest Mr. Glazner may claim is too unreasonable to figure into the decisional calculus of this case. We should not pause to weep for one who thought that he was simply committing a crime and potentially subjecting himself to civil liabihty in state court, only to learn later that his conduct had also given rise to civil liability in federal court. To me, that result does not seem “terribly unfair,” as the Chief Judge characterizes it in his dissenting opinion.
Footnote 13 of that opinion illustrates the strange nature of the half-way presumption world into which the dissenters would take us. In that footnote we are told that some people may have chosen to bve in the Eleventh Circuit because the Simpson decision allowed them to covertly wiretap their spouses. It actually says (and ab the emphasis is in the original): “I am not trying to be facetious; but before today, some spouses might have chosen to bve in the Eleventh Circuit because they could wiretap their own telephone without being bable under federal law.” Dissenting op. of Edmondson, C.J., at n. 13.
I suppose, then, a conversation between a couple sitting around their breakfast table in, oh say, Colorado (the Tenth Circuit having rejected Simpson years ago) might have gone something bke this:
Jim: Honey, I’ve been thinking, we ought to move to Alabama.
Liz: But Sweetheart, I thought you liked hving in Colorado.
Jim: I do, Sugar, but there’s a problem.
Liz: What’s troubbng you, Sweetie?
Jim: Well, Punkin’, Colorado is in the Tenth Circuit, and its federal appeals court has held that if I wiretap your private conversations without your knowledge and- consent, I may have to pay you damages if you find out and sue me in federal court. But if we move to Alabama, which is in the Eleventh Circuit, its Simpson decision will allow me to invade your privacy electronically without having to worry about your having a civil claim against me in federal court.
Liz: But Honeybun, doesn’t Alabama’s criminal eavesdropping statute make it a crime to covertly record conversations without the consent of at least one of the parties to the conversation?
Jim: It does, Snookums, but all I’m worried about is the potential civil cause of action in federal court, not having to serve time in the state slammer.
Liz: You’ll look so good in jailhouse stripes, my Love. When do we move?
Only in a world where conversations bke that take place does concern about reliance on the Simpson decision by James Glazner and other wiretapping spouses make sense. •

. Judge Black’s dissenting opinion says that an argument, about which she disavows any view, could be made that Mr. Glazner’s misconduct may not have constituted the crime of installing an eavesdropping device, which is a felony in Alabama. See Dissenting op. of Black, J. at 1231. That argument, if it were made, would be based upon the owner exception contained in the statute that prohibits installation of an eavesdropping device. Id.; see ALA. CODE § 13A-11-33 ("... and without permission of the owner ... ”). However, there clearly is no "owner” exception in the other Alabama criminal statute Mr. Glazner’s misconduct violated. That statute provides: "A person commits the crime of criminal eavesdropping if he intentionally uses any device to eavesdrop, whether or not he is present at the time.” ALA. CODE § 13A-11-31. "Eavesdrop” is defined to include recording any part of the private communication of others without the consent of at least one of the persons engaged in the communication. See ALA. CODE § 13A-11-30(1). A violation of that statute is a Class A misdemeanor, which is punishable by a term of imprisonment of up to a year in jail. ALA. CODE §§ 13A-11-31; 13A — 5—7(a)(1).